**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Kathryn B. Moynihan, Esq. (277752018)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

### NEWARK

| | |
|---|---|
| DIANILDA POLANCO and ELBA A. ARRENDELL, | : Civil Action No. <br> : Hon. _____ <br> : <br> : _Civil Action_ <br> : |
| Plaintiff, | : |
| v. | : **NOTICE OF REMOVAL OF A CIVIL** <br> **ACTION** |
| QUEBEC INC., AUTOBUS FLEUR DE LYS INC., JEAN-FRANCOIS LABRANCHE, A.B.C. CORP., (fictitious corporations) & X.Y.Z. EMPLOYER 1-10 (fictitious names) | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

     **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Autobus

Fleur de Lys, Inc. and Jean-Francois Labranche (hereinafter "Defendants"), by and through the

undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have filed

this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division,

Essex County, Docket No. ESX-L-3254-21, to the United States District Court for the District of

253496362v.1

New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiffs, Dianilda Polanco and Elba A. Arrendell (hereinafter, "Plaintiffs"), filed a Complaint on April 23, 2021, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-3254-21, entitled Polanco, et al., v. Quebec, Inc., et al., (the "Action").  A true and correct copy of Plaintiffs' Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint names Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche (hereinafter "Defendants") in addition Quebec, Inc.  See Ex. A.

3.      The Action is alleged to arise out of a September 28, 2019 motor vehicle accident involving Plaintiffs and Defendant Jean-Francois Labranche, acting as an employee of Defendant Autobus Fleur de Lys, Inc., that caused Plaintiffs to sustain "severe and serious injuries" as well as "extreme mental anguish." See Ex. A.

4.      According to the Complaint, Plaintiff Dianilda Polanco is a resident of the State of New York and Plaintiff Elba A. Arrendell is a resident of the State of Florida.  See Ex. A.

5.      Defendant, Autobus Fleur de Lys, Inc., is a Canadian corporation with a principal place of business in Levis, Quebec.

6.      Defendant, Jean-Francois Labranche, is an individual and a Canadian citizen.

7.      Upon information and belief, Defendant, Quebec, Inc., is not a real company or, if so, has no role in this lawsuit; however, to the extent that is incorrect, Plaintiff's Complaint alleges it is a Canadian corporation based also in Levis, Quebec.  See Ex. A.

8.      For purposes of diversity jurisdiction, a corporate party is a citizen of both its state of incorporation and the state in which its principal place of business is located.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).

9.      Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

10.     Defendants have yet to be property served.

11.     Plaintiff's Complaint was filed on April 23, 2021, less than thirty days prior to this filing.

12.     Accordingly, this Notice of Removal is timely filed regardless of status of service.

13.     Plaintiffs allege that they each have sustained personal injuries to their head, body, neck, back, limbs, and nervous system, some of which are permanent in nature. See Ex. A.

14.     Accordingly, upon information and belief, Defendants respectfully submits that the amount in controversy in this matter is reasonably believed to be in excess of $75,000.

15.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

16.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, to perfect the removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b). A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

253496362v.1

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to this Court.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche
>
> By: /s/ Andrew J. Heck
>        Andrew J. Heck. (AH9361)
>        Andrew.Heck@wilsonelser.com

Dated: May 21, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on behalf of Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois

Labranche, I caused the within Notice of Removal to be filed with the United States District Court

on this date.

> Clerk, United States District Court
> District of New Jersey
> Martin Luther King Building & U.S. Courthouse
> 50 Walnut Street
> Newark, New Jersey 07102

I further certify that a copy was sent via Electronic Filing to:

> Clerk
> New Jersey Superior Court
> 465 Dr. Martin Luther King Jr. Boulevard
> Newark, New Jersey 07102

> Michael Maggiano, Esq.
> Maggiano, DiGirolamo & Lizzi, P.C.
> 201 Columbia Avenue
> Fort Lee, New Jersey 07024
> **Attorneys for Plaintiff**

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois
> Labranche

> By: /s/ Andrew J. Heck
>   Andrew J. Heck. (AH9361)
>   Andrew.Heck@wilsonelser.com

Dated: May 21, 2021

EXHIBIT A

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
Michael Maggiano, Esq. (ID: 014581974)
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiffs*
**Dianilda Polanco and Elba A. Arrendell**

| | |
|---|---|
| **DIANILDA POLANCO and ELBA A. ARRENDELL**<br><br><br>Plaintiffs,<br><br>vs.<br><br>**QUEBEC INC., AUTOBUS FLEUR DE LYS INC., JEAN-FRANCOIS LABRANCHE, JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown),<br><br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L- -21**<br><br>*Civil Action*<br><br>**COMPLAINT, JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE, DEMAND FOR PRODUCTION OF DOCUMENTS, STATEMENT OF DAMAGES, AND CIVIL INFORMATION STATEMENT (CIS)** |

Plaintiff, **DIANILDA POLANCO**, residing at 10 Oakbridge Place, Apt. 6c, Town of Eastchester, County of Westchester and State of New York, and Plaintiff, **ELBA A. ARRENDELL**, residing at 1540 NW 96th Avenue, Apt. 1, City of Pembroke Pines, County of Broward and State of Florida, by way of Complaint against the Defendants, say:

## FACTUAL BACKGROUND

1.      Pursuant to Rule 4:3-2(a), the basis for venue in County of Essex derives from in which the cause of action arose in City of Newark, County of Essex, State of New Jersey.

2.　　On and before September 28, 2019, the Defendants, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.**, was a limited liability company doing business in the State of New Jersey as a commercial bus transportation carrier enterprise providing interstate, intrastate transport and shipping with a main office at 2591 Avenue De La Rotonde, City of Levis, Providence of Quebec, Country of Canada.

3.　　Upon information and belief, at all relevant times stated herein, the defendants, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.**, doing business at 2591 Avenue De La Rotonde, City of Levis, Providence of Quebec, Country of Canada was engaged in the business of a common carrier providing commercial busing interstate, intrastate transport and shipping in conjunction with the Co-Defendants, **JOHN DOES I-X**, (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown).

4.　　At all relevant times, herein, the Defendant, **JEAN-FRANCOIS LABRANCHE** was an employee, agent and/or servant of the defendant, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) at all relevant times herein was acting in the scope of his employment during the underlying commercial bus collision described below.

## FIRST COUNT

1.　　On or about September 28, 2019, the Plaintiff, **DIANILDA POLANCO,** was the restrained operator of a motor vehicle registered under the State of New York and was stopped on

Foundry Street at or near its intersection with Roanoke Avenue in the City of Newark, County of Essex, State of New Jersey at some distance behind Defendants' bus due to said bus coming to a standstill in the roadway.

2.      The defendant, **JEAN-FRANCOIS LABRANCHE**, so improperly, negligently and carelessly operated the Co-Defendant's bus he was employed to operate that without any warning placed the said bus in reverse causing it to collide three times into the front of Plaintiff's vehicle in the intersection of Foundry Street and Roanoke Avenue after missing the turn to Roanoke Avenue.

3.      At the time and place aforesaid, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) were the owners of a commercial bus, which was being operated by the Defendant, **JEAN-FRANCOIS LABRANCHE**, as their agent, servant, and/or employee, and within their permission improperly reversing north and then colliding three times into Plaintiff's vehicle on Foundry Street at or near its intersection with Roanoke Avenue in the City of Newark, County of Essex, State of New Jersey.

4.      At the time and place aforesaid, all of the Defendants above named, as a common carrier owed a high duty of care to not only its passengers but to all vehicular traffic and the general public making use of the above-described street and more particularly to the Plaintiff, **DIANILDA POLANCO**, through their agents, servants and employees maintaining and operating said commercial bus, to operate and control their  bus as a common carrier  in a reasonably safe and

careful manner, and further to make observation of other vehicles on the street and maintain control of the  commercial bus, its instrumentalities and parts, at all times.

5.     At the time and place aforesaid the defendants, did breach the requisite duty of due care and applicable statutory sections of the New Jersey Motor Vehicle and Traffic Laws and the statutory provisions and regulatory provisions of the Federal Motor Carrier Safety Act regarding operating a bus  and in maintaining and operating the above-described commercial vehicle in such a negligent, grossly negligent, careless and reckless manner, in that by and through its agent, servant and/or employee, the defendants, **JEAN-FRANCOIS LABRANCHE, QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), he/they failed to observe, caused and permitted the afore-described commercial bus of the defendants to crash into the stopped automobile operated and occupied by the plaintiff, **DIANILDA POLANCO** causing her to sustain and suffer severe and permanent injuries and other damages hereafter alleged, all of which was a foreseeable harm and loss caused by the aforesaid negligence, gross and reckless conduct complained of and committed by the defendants as above referred.

6.     Upon information and belief, Defendant, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), are transportation brokers which arranged for the transportation of the passengers being transported at the time and place aforesaid and owed a duty to assure that the commercial bus for

transport was reasonably safe and the operator competent for the operation of said commercial bus.

7.      Said Defendant brokers, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), was negligent in engaging the subject commercial bus and the negligent and incompetent operator, **JEAN-FRANCOIS LABRANCHE**.

8.      As a result of the negligence, gross negligence and reckless conduct of the respective defendants, as hereinabove set forth, the Plaintiff, **DIANILDA POLANCO**, was caused to sustain severe and serious injuries to her head, neck, back, body, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as, extreme mental anguish, pre-impact terror and the extreme shock, horror and mental anguish of witnessing from the occupant compartment of her automobile, the impending violent collision and resulting trauma in great fear of her boyfriend's mother also about to suffer severe and serious physical injuries and perhaps death. Upon information and belief, said injuries suffered by Plaintiff, **DIANILDA POLANCO**, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the Plaintiff, **DIANILDA POLANCO**, was required to expend sums of money for medical care and attention, which were administered to her in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, **DIANILDA POLANCO,** in the future will be required to submit to further medical attention. As a further result of said injuries, Plaintiff, has been unable to perform her usual daily work, tasks and has been prevented from participating in activities enjoyed by others like situated

in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically, and the plaintiff was damaged.

**WHEREFORE**, Plaintiff, **DIANILDA POLANCO** demands judgment against the defendants, jointly, severally, and/or in the alternative together with costs, disbursements of suit and interest, and such other relief so deemed just by the Court.

## <u>SECOND COUNT</u>

1.      Plaintiff, **DIANILDA POLANCO**, repeats, reiterates and realleges each and every allegation of the Factual Background and First Count as if the same were more fully set forth herein at length.

2.      On or about September 28, 2019, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), were the owners of the aforesaid common carrier, which they granted and entrusted the operation to Defendant, **JEAN-FRANCOIS LABRANCHE**.

3.      Upon information and belief and at all times hereinafter mentioned, and more particularly on or about September 28, 2019, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), and **JEAN-FRANCOIS LABRANCHE** were doing business within the State of New Jersey.

4.      Upon information and belief, at the times relevant hereto, the Defendant, **JEAN-FRANCOIS LABRANCHE**, was acting and operating the bus as an agent, servant, permissive

user and/or employee of the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), respectively.

5.      Upon information and belief, at the time and place aforesaid, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), through its agent, servant, permissive user and/or employee through the course of employment and/or entrustment by Defendants, are liable to the Plaintiff, **DIANILDA POLANCO** for the negligent and reckless acts stated above under the *Doctrine of Respondeat Superior*, Permissive Use and/or Negligent Entrustment.

6.      As a result of the negligence of the Defendants **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), and **JEAN-FRANCOIS LABRANCHE**, as hereinabove set forth, the Plaintiff, **DIANILDA POLANCO**, was caused to sustain severe and serious injuries to her head, body, neck, back, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as, extreme mental anguish, respectively.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff, **DIANILDA POLANCO**, was required to expend sums of money for medical care and attention, which was administered in an attempt to cure and/or alleviate said

injuries and the disabling effects resulting therefrom, and Plaintiff, **DIANILDA POLANCO**, in the future will be required to submit to further medical attention.  As a further result of said injuries, the Plaintiff has been unable to perform her usual daily tasks and have been prevented from participating in activities enjoyed by others like situated in life, all of which have prevented her from enjoying the normal fruits of her existence, both socially and economically, and the Plaintiff was otherwise damaged.

      **WHEREFORE**, Plaintiff, **DIANILDA POLANCO**, demands judgment against the defendants together with costs, disbursements of suit and interest, and such other damages and may seem just and proper to the Court.

**THIRD COUNT**

1.    Plaintiff **DIANILDA POLANCO**, repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, and Second Count as if the same were more fully set forth herein at length.

2.    On or about September 28, 2019, the defendants, knew or should have known that Defendant **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), had in the past negligently and carelessly operated the above referenced common carrier/commercial bus and/or other commercial or personal motor vehicles.

4.    On or about September 28, 2019, the Defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), operated the above-described commercial bus in such a careless, reckless, grossly negligent and/or negligent manner that he crashed into the front of the automobile occupied by

Plaintiff **DIANILDA POLANCO**, which caused the plaintiff to sustain injuries and other damages hereinafter alleged.

     5.     Upon information and belief and at all times hereinafter mentioned, the defendants, any or all of them, acted with the negligence, carelessness, gross negligence and/or recklessness regarding the safety of the general public at large, and the Plaintiff, **DIANILDA POLANCO,** more particularly, in enabling, permitting and/or entrusting the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), to obtain the use of the commercial bus, an inherently dangerous instrumentality, without reasonably and adequately investigating the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), driving records and/or history.

     6.     As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, in permitting, entrusting and/or enabling the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), to possess and operate said commercial bus in a negligent manner as described above, the said plaintiff, was caused to sustain and suffer severe and serious injuries to her head, neck, back, body, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the plaintiff has incurred expenses for the treatment of said injuries and will in the future be required to incur additional medical expenses in an attempt to seek cure and/or alleviate said injuries and the disabling effects resulting therefrom. The Plaintiff, **DIANILDA POLANCO**, has been unable to perform her usual daily tasks and has been prevented

from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically and the Plaintiff was otherwise damaged.

      **WHEREFORE**, Plaintiff, **DIANILDA POLANCO,** demands judgment against the defendants, jointly, severally and/or in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

## FOURTH COUNT

1.      Plaintiff, **DIANILDA POLANCO** repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, Second Count, and Third Count as if the same were more fully set forth herein at length.

2.      The defendants, any or all of them, maintained the subject commercial bus and its component parts, in such a careless and reckless manner so as to cause a violent crash resulting in severe and serious injuries to Plaintiff, **DIANILDA POLANCO**.

3.      Due to the negligent, careless, and reckless maintenance of the commercial vehicle, by the defendants, the plaintiff, **DIANILDA POLANCO**, has been caused to suffer permanent injuries and other damages as herein set forth.

      **WHEREFORE**, the plaintiff, demands judgment against the defendants, jointly, severally, and in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just

## FIFTH COUNT

1.      Plaintiff, **ELBA A. ARRENDELL**, repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, Second Count, Third Count, and Fourth Count as if the same were more fully set forth herein at length.

2.      On or about September 28, 2019, and at all times described above, the co-plaintiff, **ELBA A. ARRENDELL,** was the restrained passenger in a motor vehicle operated by co-plaintiff, **DIANILDA POLANCO** as more fully described in the paragraphs of the First and Second Counts of this Complaint.

3.      At the time and place aforesaid, all of the Defendants above named, owed a duty to vehicular traffic and the general public making use of the above-described street and more particularly to the Plaintiff, **ELBA A. ARRENDELL**, through their agents, servants and employees maintaining and operating said commercial bus, to operate and control their common carrier bus in a reasonably safe and careful manner, and further to make observation of other vehicles on the street and maintain control of the commercial bus, its instrumentalities and parts, at all times.

4.      At the time and place aforesaid the defendants, did breach the requisite duty of due care and applicable statutory sections of the New Jersey Motor Vehicle and Traffic Laws and the statutory provisions and regulatory provisions of the Federal Motor Carrier Safety Act in maintaining and operating the above-described commercial vehicle in such a negligent, grossly negligent, careless and reckless manner, in that by and through its agent, servant and/or employee, the defendants, **JEAN-FRANCOIS LABRANCHE, QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown),  failed to observe the plaintiffs' automobile and caused and permitted the afore-described commercial bus of the defendants to crash into the stopped automobile occupied by the Plaintiff, **ELBA A. ARRENDELL** causing her to sustain and suffer severe and permanent injuries and other damages

hereafter alleged, all of which was a foreseeable harm and loss caused by the aforesaid negligence, gross and reckless conduct complained of and committed by the defendants as above referred.

5.      Upon information and belief, Defendant, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), are transportation brokers which arranged for the transportation of the passengers being transported at the time and place aforesaid and owed a duty to assure that the commercial bus for transport was reasonably safe and the operator competent for the operation of said commercial bus.

6.      Said Defendant brokers, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), were negligent in engaging the subject commercial bus and the negligent and incompetent operator, **JEAN-FRANCOIS LABRANCHE**.

7.      As a result of the negligence, gross negligence and reckless conduct of the respective defendants, as hereinabove set forth, the Plaintiff, **ELBA A. ARRENDELL**, was caused to sustain severe and serious injuries to her head, neck, back, body, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as, extreme mental anguish, pre-impact terror and the extreme shock, horror and mental anguish of witnessing from the occupant compartment of her automobile, the impending violent collision and resulting trauma in great fear of her son's girlfriend also about to suffer severe and serious physical injuries and

perhaps death. Upon information and belief, said injuries suffered by Plaintiff, **ELBA A. ARRENDELL**, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff, **ELBA A. ARRENDELL**, was required to expend sums of money for medical care and attention, which were administered to her in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, **ELBA A. ARRENDELL,** in the future will be required to submit to further medical attention.  As a further result of said injuries, Plaintiff, has been unable to perform her usual daily work, tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically, and the plaintiff was damaged.

Wherefore, Plaintiff, **ELBA A. ARRENDELL,** demands judgment against the defendants, jointly, severally, and/or in the alternative together with costs, disbursements of suit and interest, and such other relief so deemed just by the Court.

### SIXTH COUNT

1.      Plaintiff, **ELBA A. ARRENDELL**, repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, Second Count, Third Count, Fourth Count, and Fifth Count as if the same were more fully set forth herein at length.

2.      On or about September 28, 2019, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), were the owners of the aforesaid commercial bus, which they granted and entrusted the operation to Defendant, **JEAN-FRANCOIS LABRANCHE**.

3.     Upon information and belief and at all times hereinafter mentioned, and more particularly on or about September 28, 2019, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), and **JEAN-FRANCOIS LABRANCHE** were doing business within the State of New Jersey.

4.     Upon information and belief, at the times relevant hereto, the Defendant, **JEAN-FRANCOIS LABRANCHE**, was acting and operating the commercial bus as an agent, servant, permissive user and/or employee of the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), respectively.

5.     Upon information and belief, at the time and place aforesaid, the Defendants, **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), through its agent, servant, permissive user and/or employee through the course of employment and/or entrustment by Defendants, are liable to the Plaintiff, **ELBA A. ARRENDELL** for the negligent and reckless acts stated above under the *Doctrine of Respondeat Superior*, Permissive Use and/or Negligent Entrustment.

6.     As a result of the negligence of the Defendants **QUEBEC INC., and AUTOBUS FLEUR DE LYS INC., JOHN DOES I-X,** (said names being fictitious, true names presently

unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), and **JEAN-FRANCOIS LABRANCHE**, as hereinabove set forth, the Plaintiff, **ELBA A. ARRENDELL** was caused to sustain severe and serious injuries to her head, body, neck, back, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as, extreme mental anguish, respectively.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff, **ELBA A. ARRENDELL**, was required to expend sums of money for medical care and attention, which was administered in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, **ELBA A. ARRENDELL**, in the future will be required to submit to further medical attention.  As a further result of said injuries, the Plaintiff has been unable to perform her usual daily tasks and have been prevented from participating in activities enjoyed by others like situated in life, all of which have prevented her from enjoying the normal fruits of her existence, both socially and economically, and the Plaintiff was otherwise damaged.

      **WHEREFORE**, Plaintiff, **ELBA A. ARRENDELL**, demands judgment against the defendants together with costs, disbursements of suit and interest, and such other damages and may seem just and proper to the Court.

## SEVENTH COUNT

1.     Plaintiff **ELBA A. ARRENDELL**, repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, Second Count, Third Count, Fourth Count, Fifth Count, and Sixth Count as if the same were more fully set forth herein at length.

2.       On or about September 28, 2019, the defendants, knew or should have known that Defendant **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), had in the past negligently and carelessly operated the above referenced commercial bus and/or other commercial or personal motor vehicles.

3.       On or about September 28, 2019, the Defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), operated the above-described commercial bus in such a careless, reckless, grossly negligent and/or negligent manner that he crashed into the front of the automobile occupied by Plaintiff **ELBA A. ARRENDELL**, which caused the plaintiff to sustain injuries and other damages hereinafter alleged.

4.       Upon information and belief and at all times hereinafter mentioned, the defendants, any or all of them, acted with the negligence, carelessness, gross negligence and/or recklessness regarding the safety of the general public at large, and the Plaintiff, **ELBA A. ARRENDELL,** more particularly, in enabling, permitting and/or entrusting the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), to obtain the use of the commercial bus, an inherently dangerous instrumentality, without reasonably and adequately investigating the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown),  driving records and/or history.

5.       As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, in permitting, entrusting and/or enabling the defendant, **JEAN-FRANCOIS LABRANCHE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), to possess and operate said commercial bus in a negligent manner as

described above, the said plaintiff, was caused to sustain and suffer severe and serious injuries to her head, neck, back, body, limbs and nervous system, which further caused her to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the plaintiff has incurred expenses for the treatment of said injuries and will in the future be required to incur additional medical expenses in an attempt to seek cure and/or alleviate said injuries and the disabling effects resulting therefrom. The plaintiff, **ELBA A. ARRENDELL**, has been unable to perform her usual daily tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically and the Plaintiff was otherwise damaged.

**WHEREFORE**, Plaintiff, **ELBA A. ARRENDELL,** demands judgment against the defendants, jointly, severally and/or in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

## EIGHTH COUNT

1.      Plaintiff, **ELBA A. ARRENDELL** repeats, reiterates and realleges each and every allegation of the Factual Background, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, and Seventh Count as if the same were more fully set forth herein at length.

2.      The defendants, any or all of them, maintained the subject commercial bus and its component parts, in such a careless and reckless manner so as to cause a violent crash resulting in severe and serious injuries to Plaintiff, **ELBA A. ARRENDELL.**

3.     Due to the negligent, careless, and reckless maintenance of the commercial vehicle, by the defendants, the plaintiff, **ELBA A. ARRENDELL**, has been caused to suffer permanent injuries and other damages as herein set forth.

      **WHEREFORE**, Plaintiff, **ELBA A. ARRENDELL**, demands judgment against the defendants, jointly, severally, and in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just

               **MAGGIANO, DiGIROLAMO & LIZZI**
               *Attorneys for Plaintiffs*
               **Dianilda Polanco and Elba A. Arrendell**

    By:     */s/ Michael Maggiano*
              Michael Maggiano

Dated: April 23, 2021

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demand a Trial by Jury on all the issues raised in the within Pleadings.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to our R. 4:25-4, **Michael Maggiano, Esq.** is designated as Trial Counsel.

## **<u>CERTIFICATION</u>**

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

**MAGGIANO, DiGIROLAMO & LIZZI**
*Attorneys for Plaintiffs*
**Dianilda Polanco and Elba A. Arrendell**

By:    *<u>/s/ Michael Maggiano</u>*
Michael Maggiano

Dated: April 23, 2021

19

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the respective persons and parties below and any persons having relevant knowledge in signing answers to interrogatories on behalf of the Defendants, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on Wednesday, **October 27, 2021, at 10:00 a.m.**, at the offices of **MAGGIANO, DiGIROLAMO, & LIZZI, PC,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action:

### 1. JEAN-FRANCOIS LABRANCHE

### 2. QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.

In accordance with Rule 4:14-2 the representative of **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.,** having the most relevant knowledge of the facts presented herein and regarding the employment of **JEAN-FRANCOIS LABRANCHE.**

In accordance with Rule 4:14-2, the representative of **JEAN-FRANCOIS LABRANCHE,** having the most relevant knowledge regarding the business operations of said defendant.

> **MAGGIANO, DiGIROLAMO & LIZZI**
> *Attorneys for Plaintiffs*
> **Dianilda Polanco and Elba A. Arrendell**

By:     */s/ Michael Maggiano*
        Michael Maggiano

Dated: April 23, 2021

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands that, in lieu of service of interrogatories, Defendants, **JEAN-FRANCOIS LABRANCHE and QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.**, each provide answers to the uniform interrogatories set forth in Form C and C (1) of Appendix II.  Pursuant to R.4:17-4(b), Defendant shall serve answers upon Plaintiff within sixty (60) days from the date of receipt of this Demand.

Pursuant to R. 4:17-1(b)(i), Plaintiff reserves the right to propound supplemental interrogatories.

**MAGGIANO, DiGIROLAMO & LIZZI**
*Attorneys for Plaintiffs*
**Dianilda Polanco and Elba A. Arrendell**

By:     */s/ Michael Maggiano*
        Michael Maggiano

Dated: April 23, 2021

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that the Defendants, **JEAN-FRANCOIS LABRANCHE** respectively, disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each defendant.

As to each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

> **MAGGIANO, DiGIROLAMO & LIZZI**
> *Attorneys for Plaintiffs*
> **Dianilda Polanco and Elba A. Arrendell**

By:     */s/ Michael Maggiano*
        Michael Maggiano

Dated: April 23, 2021

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
Michael Maggiano, Esq. (ID: 014581974)
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiffs*
**Dianilda Polanco and Elba A. Arrendell**

| | |
|---|---|
| **DIANILDA POLANCO and ELBA A. ARRENDELL**<br><br>Plaintiff(s),<br><br>vs.<br><br>**QUEBEC INC., AUTOBUS FLEUR DE LYS INC., JEAN-FRANCOIS LABRANCHE, JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown),<br><br><br>Defendant(s). | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-  -21**<br><br>*Civil Action*<br><br><br>**STATEMENT OF DAMAGES** |

Pursuant to Rule 4:5-2, the following is the amount of damages claimed in the above-entitled action.

$500,000.00 for Plaintiff **DIANILDA POLANCO**. $500,000.00 for Plaintiff

**ELBA A. ARRENDELL**.

                              **MAGGIANO, DiGIROLAMO & LIZZI**
                              *Attorneys for Plaintiffs*
                              **Dianilda Polanco and Elba A. Arrendell**

                    By:      */s/ Michael Maggiano*
                              Michael Maggiano

Dated: April 23, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that in accordance with the R. 4:18-1 of the Rules Governing the Courts of the State of New Jersey, Plaintiffs hereby requests that Defendants produce within thirty (30) days of receipt hereof, copies of the documents described herein and deliver same to the offices of Maggiano, DiGirolamo, & Lizzi, 201 Columbia Avenue, Fort Lee, NJ 07024.

## DEFINITIONS AND INSTRUCTIONS

A.   These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

B.   If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of documents, its date, author(s), addressee(s), if different it's recipient(s), and its general subject matter.

C.   Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

D.   As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location:   books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

E.    As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F.    As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

G.    As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed nonresponsive by any other construction.

H.    As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## **DOCUMENTS TO BE PRODUCED**:

1.    All captions and docket numbers of every action these Defendants have ever been a party to, including pending actions.

2.    Any and all written statements, as well as oral statements reduced to writing, of Plaintiff.

3.    Any and all written statements, as well as oral statements reduced to writing, of these Defendants.

4.    Any and all written statements, as well as oral statements reduced to writing, of any and all other parties to this action.

5.    Any and all written statements, as well as oral statements reduced to writing, of any/all agents, servants and employees of this Defendants, which in any way involve and/or discuss the Plaintiffs, and/or the subject incident.

6.    Any and all written statements or oral statements reduced to writing of any/all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims.

7.    Any and all Central Index Bureau and/or Index System Reports regarding the Plaintiffs.

8.    Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of Plaintiff's claim.

9.    Copy of these Defendants "filed" Answer.

10.     Copies of any and all subpoenas served by these Defendants in this matter.

11.     Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by the Plaintiffs.

12.     Copies of all documents and any other information obtained from any of Plaintiff's medical providers, acquired by way of subpoena(es) and/or medical authorization(s), or by any other means.

13.     Copies of all discovery propounded upon all other parties (other than the Plaintiffs).

14.     Copies of all discovery received from all other parties (other than the Plaintiffs).

15.     Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any/all claims of the Plaintiffs, made to/by a police official/department and/or any governmental authority.

16.     Any and all photographs, charts, drawings, motion pictures, videos and/or surveillance reports of the Plaintiffs.

17.     Copy of the Curriculum Vitae of each proposed expert witness of these Defendants.

18.     The name and address and title of each agent, servant and/or employee of any and all of Defendants' medical experts who were are present during any/all examinations and/or interviews or any other aspects of defense medical/psychiatric IME's of the Plaintiffs.

19.     Any and all intake sheets, patient questionnaire forms or other documents filled out and/or completed or drafted pursuant to any and all defense examinations of the Plaintiffs, taken or to be taken in this matter.

20.     Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

21.     Pursuant to R. 4:17-4(c), copies of Answers to these Defendants' Interrogatories by all other parties.

22.     Any and all correspondence, as well as oral communications reduced to writing, between these Defendants' and any other party to this action.

23.     Any and all written reports or oral reports reduced to writing that include whether Defendant or anyone on behalf of these Defendants' have knowledge of any other personal injury claim(s) or lawsuit(s) made by the Plaintiffs, either prior to or subsequent to the date of the incident complained of and attach a copy of all written documents relating thereto that are in the possession of these Defendants.

24.     Any and all documents regarding or relating to any other injuries, illnesses, medical conditions and/or psychiatric conditions sustained by the Plaintiffs, whether before or after the date of the incident complained of.

25.     Any and all documents in your possession, custody and/or control that refer or relate in any way to reservation of rights from these Defendants' insurance company.

26.     Any and all documents, including but not limited to, incident reports, photographs, tape recordings, films, videotapes, motion pictures, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to circumstances surrounding the subject incident.

27.     Any and all documents, including but not limited to, photographs, videos, films, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to Plaintiff's physical condition on or after the date of the incident complained of.

28.     Any and all written reports and/or oral reports reduced to writing of the subject incident and/or circumstances relating to the subject incident, made by these Defendants and/or to these Defendants and or by any servant, agent and/or employee of these Defendants, and/or to any servant, agent and/or employee of these Defendants.

29.     Name and address of each agent, servant and/or employee of these Defendants and/or of Defendants' insurance company and/or insurance broker and/or insurance agent, spoke with Defendants at any time since the moment of the incident complained of, and the dates and time of said conversations, and whether or not said conversation(s) were in person or over the telephone, and who initiated the call or contact, and how this person received notice of the said incident.

30.     True copies of any and all investigative reports pertaining to the subject incident.

31.     Any and all incident and/or accident, and/or injury reports, filed, made or drafted by or on behalf of these Defendants, and/or received by these Defendants, as a result of the date of loss, incident complained of.

32.     Any and all records, reports, and/or other documents upon which this Defendants will rely upon at the time of trial.

33.     Any and all photographs, and/or videotapes depicting these Defendants' commercial bus on and since the incident of date of loss.

34.     Any and all photographs, and/or videotapes depicting any other vehicles involved in the subject collision September 28, 2019.

35.     Any and all photographs, and/or videotapes depicting damage to any tangible property as a result of the collision of September 28, 2019.

36.     Any and all photographs, videotapes, sketches, drawings, blueprints, and/or diagrams of the subject collision scene.

37.     Any and all photographs, and/or videotapes depicting the Plaintiff's vehicle since the collision of September 28, 2019.

38.     Any and all invoices, estimates and/or repair bills setting forth the damages and repairs to Plaintiff's vehicle as a result of the subject auto accident.

39.     Copy of front and back of Defendant's Driver's License(s).

40.     Copy of these defendants' automobile insurance policies, including personal and business motor vehicle policies, as well as any excess insurance policies and umbrella policies, relevant to the subject collision.

41.     Copies of any and all written reports and/or oral reports reduced to writing of the subject incident, made to/by the police department and/or any governmental authority.

42.     Names and current addresses of all occupants to these Defendants' vehicle at the time of the subject collision.

43.     Name and address of the individual(s) who last inspected these Defendants' vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant and/or employee of this Defendant (e.g., daily inspections prior to operation).

44.     Pursuant to Pfender v. Torres, 336 N.J. Super. 379 (App. Div. 2001), identify and produce copies of all written statements, transcribed statements, oral recordings, photographs, drawings, diagrams, investigative materials, forms, authorizations and/or other documentation provided by **JEAN-FRANCOIS LABRANCHE** to any liability company following this incident.

45.     All cellular phone records for **JEAN-FRANCOIS LABRANCHE** and/or any phones registered to the business for the use by **JEAN-FRANCOIS LABRANCHE** and any others living in the same household as defendant.

46.     Itemized list of medication(s) used by Defendant, **JEAN-FRANCOIS LABRANCHE,** on the day of and prior to the motor vehicle accident of September 28, 2019.

47.     Defendants' motor vehicle insurance property damages report of the subject vehicle.

48.     A copy of any and all onboard monitoring device data, including data from GPS satellite positioning and messages to/from the vehicle to the company.

49.     A copy of the ECM (Electronic control Module) data report from the week prior to the accident and the date of the accident.

50.     A copy of any and all records related to the installation, repair, maintenance, and/or upkeep of the brakes, as well as the braking system(s), for the vehicle involved in the accident.

51.     All inspection reports, of the subject commercial vehicle of Defendants conducted as a result of the collision complained of.

52.     All bills for repairs and estimates for property damage to Defendants' commercial vehicle as a result of the collision complained of.

53.     (a)True, clear and complete copies of all reports and statements Defendant, **JEAN-FRANCOIS LABRANCHE,** that was required to prepare and submit to any municipal, state and/or federal agency (including ICC reports) regarding the incident complained of. (b) True clear and complete copies of all statements made by Defendant, **JEAN-FRANCOIS LABRANCHE** to his employer required in the usual course of the business when a driver is in a motor vehicle collision. (c) True clear and complete copies of all statements made by Defendant, **JEAN-FRANCOIS LABRANCHE** to any and all insurance carriers requesting statements of the incident complained of.

54.     The protocols of Defendant, **JEAN-FRANCOIS LABRANCHE**, for the handling of a reported accident by a driver from the road.

55.     All the records kept by the Custodian of Records for Defendant, **JEAN-FRANCOIS LABRANCHE** regarding the incident complained of.

56.     All records of inspection of the Defendant, **JEAN-FRANCOIS LABRANCHE** involved in the subject collision made and kept by Defendant in the course of its business.

57.     All company protocols and directives of Defendant, **defendant name** regarding the reporting of motor vehicle accidents by its drivers. **JEAN-FRANCOIS LABRANCHE.**

58.     The Safety Check system for defendant, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.** regarding its placed in-service vehicles.

59.     True copies of all, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.** safety protocols and videos provided to its drivers for review and study in preparation for employment.

60.     True copies of the company's driver safety courses and/or programs required of its drivers to be completed on a yearly or periodic basis to keep current with all standards and regulations.

61.     All, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.** Standard Operating Procedure and/Training Manual regarding commercial driver safety and education.

62.     (a) Defendant, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.** Human Resources employee file on Defendant, **JEAN-FRANCOIS LABRANCHE** employment application to **JEAN-FRANCOIS LABRANCHE** (c) The health records and records of periodic

physical examination of Defendant, **JEAN-FRANCOIS LABRANCHE,** obtained and kept by Defendant, **JEAN-FRANCOIS LABRANCHE** d) Previous employer checks; (e) Criminal background history and documents; (f) Documents related to the release of Drug & Alcohol Screening; (g) Copies of any and all payroll records for **JEAN-FRANCOIS LABRANCHE**, for the month before, the week of, and the month after the accident. (h) A copy of the Defendant driver's drug and alcohol file including:

      i.      Pre-employment drug and alcohol screening results and documents;

      ii.     Copies of pre-accident drug & alcohol screening results and documents;

      iii.    Copies of post-accident drug & alcohol screening results and documents

63. All Department of Motor Vehicles abstracts that Defendant, **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.,** obtained regarding the driving record of Co-Defendant, **JEAN-FRANCOIS LABRANCHE** and a copy of his commercial driver's license (CDL) with the proper endorsements.

64. True copies of the, **JEAN-FRANCOIS LABRANCHE** Policies and Procedures setting forth commercial vehicle driver qualifications and standards.

65. True clear copies of all results of periodic drug testing of Defendant, **JEAN-FRANCOIS LABRANCHE.**

66. All health records of defendant, **JEAN-FRANCOIS LABRANCHE** including health exam reports and certifications required for continued employment.

67. The cell phone number of the Defendant, **JEAN-FRANCOIS LABRANCHE** and true copies of his cell phone records for the day and evening of the incident complained of showing the time and length of all incoming and outgoing calls.

68. True clear copies of any and all statements made by Plaintiffs, **DIANILDA POLANCO and ELBA ARRENDELL,** to any party regarding the incident complained of.

69. Complete and clearly readable copies of the "Driver Qualification File" maintained by any of the Defendants on **JEAN-FRANCOIS LABRANCHE** along with any other documents contained therein, in their precise state of existence on the date of the accident (date of loss):

a. Any pre-employment questionnaires or other documents secured from

    **JEAN-FRANCOIS LABRANCHE** prior to employment.

b. Any and all completed applications for employment secured both before and/or

    after the actual date of contract or employment of **JEAN-FRANCIS**

    **LABRANCHE.**

c.   All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to **JEAN-FRANCOIS LABRANCHE.**

d.   All of **JEAN-FRANCOIS LABRANCHE** annual violation statements which should include one for each twelve months of contract or employment with the Defendant motor carrier in this case.

e.   All actual driver's motor carrier road tests administered to **JEAN-FRANCOIS LABRANCHE.**

f.   All actual driver's motor carrier written tests administered to **JEAN-FRANCOIS LABRANCHE.**

g.   All road and written test certificates issued by **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.,** or any other motor carrier or organization to **JEAN-FRANCOIS LABRANCHE** regardless of the date issued or the originator of such certificates.

h.   All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.** from past employers of **JEAN-FRANCOIS LABRANCHE.**

i.   All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by any of the Defendants, or other organizations on behalf of defendants, from state or federal governmental agencies relative to **JEAN-FRANCOIS LABRANCHE** traffic and accident record.

j.    Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendants regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to **JEAN-FRANCOIS LABRANCHE** or his co-drivers presently in their personal possession.

k.    All annual reviews, file reviews or file summaries and related documents found in the driver qualification file of **JEAN-FRANCOIS LABRANCHE**.

l.    All documents relative to any drug testing of **JEAN-FRANCOIS LABRANCHE** and;

m.    Any and all other contents of **JEAN-FRANCOIS LABRANCHE** driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

70.  Complete and clearly readable copies of any and all other documents added to **JEAN-FRANCOIS LABRANCHE** "Driver Qualification File" September 28, 2019 to the present date, as presently maintained by **QUEBEC INC. and AUTOBUS FLEUR DE LYS INC.**

71.    Complete and clearly readable copies of the "Driver Personnel File" and/or any otherwise titled files on **JEAN-FRANCOIS LABRANCHE** or in reference to **JEAN-FRANCOIS LABRANCHE** services, from initial contract or employment with **JEAN-FRANCOIS LABRANCHE** or its agents to the present date.

a.    Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to **JEAN-FRANCOIS LABRANCHE** or the services performed by **JEAN-FRANCOIS LABRANCHE.**

b.     Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to **JEAN-FRANCOIS LABRANCHE.**

c.     Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to **JEAN-FRANCOIS LABRANCHE.**

## LITIGATION HOLD NOTICE OF PRESERVATION OF CELL PHONE DATA

**DEFENDANT, JEAN-FRANCOIS LABRANCHE IS HEREBY PUT-ON NOTICE TO REQUEST IN WRITING AND DO ALL THINGS NECESSARY TO REQUIRE THAT ANY AND ALL CELLULAR PHONE PROVIDERS PRESERVE ALL RECORDS SHOWING TEXT DATA, MESSAGING AND CELL PHONE USAGE ON ANY AND ALL CELLULAR PHONES USED, OWNED, OR ASSIGNED TO DEFENDANT ON September 28, 2019.**

DEFENDANT IS FURTHER NOTIFIED TO PRESERVE ALL CELLULAR PHONES, HARD DRIVES OF SAID CELLULAR PHONES OWNED, LEASED, ASSIGNED TO OR USED BY DEFENDANT ON THE DATE OF THE COLLISION COMPLAINED OF IN THE WITHIN COMPLAINT.

# Civil Case Information Statement

### Case Details: ESSEX | Civil Part Docket# L-003254-21

**Case Caption:** POLANCO DIANILDA  VS LABRANCHE JEAN-FRAN

**Case Initiation Date:** 04/23/2021

**Attorney Name:** MICHAEL J MAGGIANO

**Firm Name:** MAGGIANO DIGIROLAMO & LIZZI PC

**Address:** 201 COLUMBIA AVE

FORT LEE NJ 07024

**Phone:** 2015859111

**Name of Party:** PLAINTIFF : Polanco, Dianilda

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Dianilda Polanco? NO**

**Are sexual abuse claims alleged by: Elba A Arrendell? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES

**If yes, for what language:**
SPANISH,

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/23/2021
Dated

/s/ MICHAEL J MAGGIANO
Signed

# EXHIBIT B

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Kathryn B. Moynihan, Esq. (277752018)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche

| | |
|---|---|
| DIANILDA POLANCO and ELBA A. ARRENDELL, | : SUPERIOR COURT OF NEW JERSEY : LAW DIVISION: ESSEX COUNTY : DOCKET NO: ESX-L-3254-21 : |
| Plaintiff, | : : _Civil Action_ |
| v. | : |
| QUEBEC INC., AUTOBUS FLEUR DE LYS INC., JEAN-FRANCOIS LABRANCHE, A.B.C. CORP., (fictitious corporations) & X.Y.Z. EMPLOYER 1-10 (fictitious names) | : **VIA ECOURT FILING** : : : : : |
| Defendants. | : : |

<u>NOTICE OF FILING OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Autobus

Fleur de Lys, Inc. and Jean Francois-Labranche (hereinafter "Defendants"), by and through the

undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have filed

a Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division,

Essex County, Docket No. ESX-L-3254-21, to the United States District Court for the District of

New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a),

copies of which are attached hereto and made part hereof.

PLEASE TAKE FURTHER NOTICE, that Defendants, Autobus Fleur de Lys, Inc. and

Jean Francois-Labranche, hereby file this Notice and Petition with the Essex County Clerk of the

Superior Court of New Jersey, Law Division, in accordance with 28 U.S.C. § 1446.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois
Labranche

By: /s/ Andrew J. Heck
       Andrew J. Heck. (AH9361)
       Andrew.Heck@wilsonelser.com

Dated: May 21, 2021

253491754v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on behalf of Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois

Labranche, I caused the within Notice of Filing of Removal to be served via Electronic Filing,

upon:

> Clerk
> New Jersey Superior Court
> 465 Dr. Martin Luther King Jr. Boulevard
> Newark, New Jersey 07102
>
> Michael Maggiano, Esq.
> Maggiano, DiGirolamo & Lizzi, P.C.
> 201 Columbia Avenue
> Fort Lee, New Jersey 07024
> **Attorneys for Plaintiff**

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois
> Labranche
>
> By: /s/ Andrew J. Heck
>      Andrew J. Heck. (AH9361)
>      Andrew.Heck@wilsonelser.com
>
> Dated: May 21, 2021

# EXHIBIT A

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Kathryn B. Moynihan, Esq. (277752018)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### NEWARK

|  |  |
|---|---|
| DIANILDA POLANCO and ELBA A. ARRENDELL, | : Civil Action No. <br> : Hon. _____ <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : **NOTICE OF REMOVAL OF A CIVIL** |
| QUEBEC INC., AUTOBUS FLEUR DE LYS INC., JEAN-FRANCOIS LABRANCHE, A.B.C. CORP., (fictitious corporations) & X.Y.Z. EMPLOYER 1-10 (fictitious names) | : **ACTION** <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

Civil Action — Civil Action No., Hon. _____

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

    **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Autobus

Fleur de Lys, Inc. and Jean-Francois Labranche (hereinafter "Defendants"), by and through the

undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have filed

this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division,

Essex County, Docket No. ESX-L-3254-21, to the United States District Court for the District of

New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiffs, Dianilda Polanco and Elba A. Arrendell (hereinafter, "Plaintiffs"), filed a Complaint on April 23, 2021, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-3254-21, entitled Polanco, et al., v. Quebec, Inc., et al., (the "Action").   A true and correct copy of Plaintiffs' Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint names Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche (hereinafter "Defendants") in addition Quebec, Inc.  See Ex. A.

3.      The Action is alleged to arise out of a September 28, 2019 motor vehicle accident involving Plaintiffs and Defendant Jean-Francois Labranche, acting as an employee of Defendant Autobus Fleur de Lys, Inc., that caused Plaintiffs to sustain "severe and serious injuries" as well as "extreme mental anguish." See Ex. A.

4.      According to the Complaint, Plaintiff Dianilda Polanco is a resident of the State of New York and Plaintiff Elba A. Arrendell is a resident of the State of Florida.  See Ex. A.

5.      Defendant, Autobus Fleur de Lys, Inc., is a Canadian corporation with a principal place of business in Levis, Quebec.

6.      Defendant, Jean-Francois Labranche, is an individual and a Canadian citizen.

7.      Upon information and belief, Defendant, Quebec, Inc., is not a real company or, if so, has no role in this lawsuit; however, to the extent that is incorrect, Plaintiff's Complaint alleges it is a Canadian corporation based also in Levis, Quebec.  See Ex. A.

8.      For purposes of diversity jurisdiction, a corporate party is a citizen of both its state of incorporation and the state in which its principal place of business is located.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).

9.      Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

10.     Defendants have yet to be property served.

11.     Plaintiff's Complaint was filed on April 23, 2021, less than thirty days prior to this filing.

12.     Accordingly, this Notice of Removal is timely filed regardless of status of service.

13.     Plaintiffs allege that they each have sustained personal injuries to their head, body, neck, back, limbs, and nervous system, some of which are permanent in nature. See Ex. A.

14.     Accordingly, upon information and belief, Defendants respectfully submits that the amount in controversy in this matter is reasonably believed to be in excess of $75,000.

15.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

16.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, to perfect the removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b). A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois Labranche

By: /s/ Andrew J. Heck
          Andrew J. Heck. (AH9361)
          Andrew.Heck@wilsonelser.com

Dated: May 21, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on behalf of Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois

Labranche, I caused the within Notice of Removal to be filed with the United States District Court

on this date.

> Clerk, United States District Court
> District of New Jersey
> Martin Luther King Building & U.S. Courthouse
> 50 Walnut Street
> Newark, New Jersey 07102

> I further certify that a copy was sent via Electronic Filing to:

> Clerk
> New Jersey Superior Court
> 465 Dr. Martin Luther King Jr. Boulevard
> Newark, New Jersey 07102

> Michael Maggiano, Esq.
> Maggiano, DiGirolamo & Lizzi, P.C.
> 201 Columbia Avenue
> Fort Lee, New Jersey 07024
> **Attorneys for Plaintiff**

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, Autobus Fleur de Lys, Inc. and Jean-Francois
> Labranche

> By: /s/ Andrew J. Heck
> Andrew J. Heck. (AH9361)
> Andrew.Heck@wilsonelser.com

> Dated: May 21, 2021

253496362v.1